IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES OF AMERICA

v.                                                                                    Cr. No.: 4:22-0260-S

LARRY ODELL LEWIS

### DEFENDANT'S REPLY TO GOVERNMENT'S RESPONSE TO MOTION TO DISMISS THE SUPERSEDING INDICTMENT

Defendant, Larry Lewis, files this Reply to Government's Response to Defendant's Motion to Dismiss the Superseding Indictment.

### PRE-INDICTMENT DELAY

As a threshold matter, the Defendant in his initial motion to dismiss the superseding indictment alleged that preindictment delay caused substantial prejudice to his right to a fair trial and that the prosecution's delay to indict was for tactical delay and/or for another impermissible or bad faith purpose, citing both United States v. Marion, 404 U.S. 307 (1971) and United States v. Lovasco, 431 U.S. 783 (1977).  Further, Defendant in his initial briefing showed both that the delay was an intentional measure on behalf of the Government for an impermissible or bad faith purpose and that Defendant was substantially prejudiced as a result of the delay.

In its response, the Government fails to respond to the stated reasons why Defendant has been prejudiced by the delay, only they state that defendant has not

made a showing of actual prejudice and attempts to sanitize all the myriad of lost evidence down to two areas: cell phone evidence and lost witnesses. Either category alone is sufficient to establish prejudice. The Government's response ignores the reasons stated in Defendant's motion that "First, the preindictment delay in this case was based on a bad faith, impermissible purpose. The Government had between two and eight years to develop a reliable and credible investigation into Mr. Lewis' alleged conduct but explicitly failed to do so … the Government failed to exercise due diligence in its corroboration of witness statements, electronic evidence, and witness security … [and] the Government overlooked clearly discrepant testimony and statements of alleged victims and only sought to interview witnesses some seven years after the alleged commission of the charged offenses.

Second, as a result of the Government's bad faith and impermissible delay, Mr. Lewis suffered actual prejudice in the form of lost witnesses and lost evidence which foreclosed his Constitutional right to a fair trial. Most of the witnesses in this case no longer live in the Houston, or Texas area and admitted to abusing dangerous drugs during the time of the alleged offenses, rendering their memory of the alleged conduct extremely unreliable. *United States* v. *McCoy*, 786 F.Supp.2d 1216, 1228 (5th Cir. 2011) (finding actual prejudice where delay prohibited the defense from securing witnesses who could testify as to the events of the defendant's arrest or his state of mind)." Dkt. 31 pgs. 5-6. Those witnesses would for example, be able to

provide testimony that none of the girls were ever sex trafficked by Mr. Lewis. The lack of dates and times creates an inability to find witnesses for alibi purposes as well. The very vague nature of this prosecution is in large part why Mr. Lewis' due process rights are being violated. Witnesses aside, the lack of any data or video inhibits his ability to establish an alibi as well. No specific dates, times, and locations create an impossibility to find evidence outside of what could be extrapolated with cell phones and other meta data, which was also lost.

Additionally, to the extent those stated reasons somehow do not suffice for purposes of showing actual prejudice, other evidence such as: K.B. and T.A.'s ledgers, cell phones of not only Mr. Lewis, but T.A. and K.B. as well; any alleged sex ads, cell phone data, hotel receipts, hotel surveillance, GPS location associated with all the cell phones, text messages and phone calls were likewise lost and discussed in the initial motion. None exist for victim B.E.

For example, the ledgers that belonged to T.A. and K.B. indicated that both had their own clientele irrespective of any alleged involvement with Mr. Lewis. Said ledgers directly refute the notion that they were trafficked by Mr. Lewis as well as provide necessary information to confront witness testimony at trial. Clips of cell phone text messages that do not show actual sex trafficking are certainly speculative, because the clips lack the full context of the conversation, which the Government does not have and cannot produce. The Government has not secured sex ads or hotel

receipts for all the women either; the only way this prosecution can go forward is that the alleged acts involve interstate commerce. Interstate commerce is what allows the Government to even prosecute Mr. Lewis, otherwise this would be an unconstitutional prosecution. However, the failure to secure ads, hotels, and cell phone data would be able to show Mr. Lewis was uninvolved in sex trafficking all the women. The lack of such evidence doesn't prevent him from being prosecuted.

### *Tactical Advantage and Bad Faith*

As to tactical advantage, one of the initial reasons stated in the briefing was that the superseding indictment has zero specifics for dates, times, and locations. The vagueness allows no ability to properly investigate the matter. The Government's failure to timely and adequately investigate the alleged criminal acts "created a tactical advantage prohibiting Mr. Lewis from his due process rights." Dkt. 31 pg. 7. The Government is aware that the delay in following up with witnesses created a risk that delay would impair the ability to mount a defense. This fact is borne out by the Government's reply that they claimed to have only received word to investigate Mr. Lewis in 2019, and yet superseded the indictment in 2023 with full knowledge of K.B. The delay is at best reckless and at worst purposeful to create an advantage over Mr. Lewis. See Lovasco, 431 U.S. at 795 n. 17 ("[d]elay incurred in reckless disregard of circumstances, known to the prosecution, suggesting that there existed an appreciable risk that delay would impair the ability

4

to mount an effective defense."). Oddly, the Government claims that the delay is actually to the benefit of the defense in some respects. Such a preposterous notion only exacerbates how prejudicial this entire prosecution is.

The Government's response simply does not address with any specificity why they failed to indict Mr. Lewis for almost eight years. Instead, the response offers excuses that they were not notified by a state prosecutors office, but obviously the Government was approached by some law enforcement agency(s). And said agency(s) knew of the multiple prosecutions regarding Mr. Lewis and some of the alleged victims. Victims T.A., K.B., and B.E., were all known to state law enforcement prior to 2019 and an investigation took place in 2014. No new information was learned in 2019. In 2021, the Government along with the help of state law enforcement agencies finally decided to interview the three ladies, although the state already had done so. And so, it is clear the state and its "actors" are working in connection with the Government and its agencies.

It is also clear from the Government's response, they knew of at least two alleged victims prior to 2021 when a sting unearthed K.A. K.A. did not corroborate any of the victims being trafficked by Mr. Lewis, nor did the Government argue that she had corroborated any of the claims. What they argue is that two investigations allowed them to add K.A. into what should have already been an indicted case. See Gov't Response p. 5 (Texas Department of Public Safety Investigation). All the

information was at their disposal because DPS Special Agents "identified several additional victims after reading criminal incident reports involving the defendant." All the investigatory opportunities and tactics that the government touts should have commenced years prior and the delay still has caused actual prejudice to Mr. Lewis—no excuse or reason was given as to why K.B. was not in the initial indictment and only indicted after being told K.A. was not a victim of sex trafficking. That salient point about bad faith was glossed over and hidden.

  Finally, the Government avers that the clearly lost evidence inures somehow to the Defendant's benefit, because it would strengthen their case. The concession of lost evidence aside, the lack of evidence and trying to defend someone's innocence is clearly a measure that prosecutors fail to fully appreciate. The statement by the Government completely credits incredible people and fails to objectively view the rights of the accused. That approach is part of the biases that defendants face every day when trying to exercise their constitutional right to a "fair trial." Indeed, said evidence would exculpate Mr. Lewis and worse likely inculpate one of the Government's own witnesses as a liar or sex trafficker. If there was such lack of evidence, why prosecute a case that you cannot fully corroborate? How without corroboration does a prosecutor bring a case with the expectation that they will meet its burden of proof? It speaks to the entirety of bad faith in this prosecution. Find witnesses willing to regurgitate the Government's theory and offer those witnesses

something sweet in return. This much is true by S.W. She received a 135-month sentence for trafficking **minors**, but the sentence was reduced to 60 months with the blessing of the Government. Forget the actual victims whose lives have changed forever because of S.W. and give her a break because she is willing to lie on behalf of the Government who has decided Mr. Lewis is a much worse individual than someone that traffics minor victims. As a final anecdote to this malady, the government has indicated that it plans to dismiss the counts involving K.A. – essentially arguing that it is a moot issue. Nothing could be further from the truth. The relevance remains: the entire scope of this prosecution and the delay in bringing these claims were done in bad faith. The government cannot unring the bell. The government's behaviors gave rise to a tactical advantage and impermissible bad faith. Moreover, at the time of this writing, K.A. remains apart of the indictment.

### *S.W. Indictment Delay*

S.W. presents a case study in verbal linguistics as well as deserves its own section in reply. The Government's reasoning that S.W.'s indictment was not delayed simply is duplicitous. S.W. received a reduced sentence, that is undisputed and corroborated by the Government's response. The defense however, never made any assertions regarding her currying favor of the Government by reducing her sentence. Instead, the defense argued, accurately, that the Government waited to

avoid the appearance of impropriety—prosecuting a defendant while simultaneously bolstering their credibility as a victim, a truly calamitous conundrum.

In response however, the Government claims they first learned of Mr. Lewis a month after S.W. was sentenced to 135 months. No evidence has been presented how or why they first learned of this, nor provided to the defense. Interestingly, S.W. received a 5K1.1 sentence reduction and must have never mentioned Mr. Lewis, if they first learned of him a month after her sentencing. The sweeping conclusion in their response illustrates how "absurd" the argument truly is. The glowing language in which the government goes out of its way to protect this sex offender of children is comical, but certainly appreciated. Everyone is entitled to be rehabilitated, they just are not entitled to lie on the innocent.

As it seems according to the Government, S.W. received a reduced sentence after testifying in the grand jury a point the Government claimed was in fact baseless. And yet still presents the same calamitous issue they are trying to distance themselves of. They waited an additional three years to indict Mr. Lewis and gave no explanation as to why the delay whilst also securing S.W.'s release from prison after significantly getting her sentence reduced. The very claim the Government projected on Mr. Lewis—that "the Government allegedly provided Victim S.W. a reduced sentence after her release from federal prison to create the appearance to a jury that Victim S.W. would, at this point, have no reason to lie … [was] baseless

and unsupported by the record, and facially absurd"—is exactly proven correct by the Government in their own response, notwithstanding that was not an accurate depiction of the bad faith claim.

The Government writes: "On June 2, 2022, Victim S.W. testified before a federal grand jury prior to Lewis' indictment. On August 31, 2022, her sentence was reduced to 60 months under Rule 35(b) of the Federal Rules of Criminal Procedure." The Government waited three years upon receipt of new information to indict Mr. Lewis and help their witness S.W. be released from prison. It doesn't stretch the imagination as to why they might want to wait so as to not present a sex trafficker to a jury with a short sentence for harming children—children not adults. The same tactical reasoning applies in all scenarios regarding S.W. and no reasoning was given as to the three-year delay in indicting Mr. Lewis for alleged conduct regarding her.

## **CONCLUSION**

Mr. Lewis respectfully moves this Court to dismiss the Superseding Indictment and further requests a hearing on the matter. Defendant has established that the Government acted in bad faith when it delayed the indictment of Mr. Lewis for a minimum of two and a maximum of eight years for the impermissible purpose of gaining a tactical advantage. Mr. Lewis has also demonstrated that as a result of the delay, he has been substantially prejudiced and his access to a fair trial and

adequate defense has been limited in violation of the Due Process Clause of the Constitution. Primarily, Mr. Lewis has lost the ability to investigate specific dates, times, locations, and persons associated with the alleged conduct.

WHEREFORE, Defendant Larry Odell Lewis respectfully requests the court grant this motion to dismiss and further requests that that this Court hold an evidentiary hearing on the matter.

Respectfully submitted,

MARJORIE A. MEYERS
Federal Public Defender
Southern District of Texas No. 3233
Texas State Bar No. 14003750

By /s/ Darryl E. Austin
DARRYL E. AUSTIN
Assistant Federal Public Defender
Attorney in Charge
New Jersey State Bar ID No. 023352008
Southern District of Texas No. 2659614
Attorneys for Defendant
440 Louisiana, Suite 1350
Houston, TX 77002-1056
    Telephone:   713.718.4600
    Fax:         713.718.4610

## CERTIFICATE OF SERVICE

I certify that on July 7, 2023, a copy of the foregoing was served by Notification of Electronic Filing and will be delivered by email to the office of Assistant United States Sebastian Edwards.

By /s/ Darryl E. Austin
DARRYL E. AUSTIN